1      UNITED STATES DISTRICT COURT
       EASTERN DISTRICT OF NEW YORK
2 - - - - - - - - - - - - - - X
   UNITED STATES OF AMERICA, : 23-CR-00463(BMC)
3            :
            :
4            : United States Courthouse
     -against-   : Brooklyn, New York
5            :
            :
6            : December 21, 2023
            : 2:00 p.m.
7   AYLO HOLDINGS S.A.R.L.,  :
            :
8     Defendant.   :
 - - - - - - - - - - - - - - X
9
    TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
10     BEFORE THE HONORABLE LOIS BLOOM
    UNITED STATES CHIEF MAGISTRATE JUDGE
11
      A P P E A R A N C E S:
12
For the Government:   BREON PEACE, ESQ.
13         United States Attorney
         Eastern District of New York
14          271 Cadman Plaza East
          Brooklyn, New York 11201
15
         BY: GENNY NGAI, ESQ.
16          HIRAL D. MEHTA, ESQ.

17 For the Defendant:   FRIEDMAN KAPLAN SEILER ADELMAN, LLP.
         Seven Times Square
18         New York, New York 10036

19         BY: ERIC CORNGOLD, ESQ.
          JEFFREY WANG, ESQ.
20
 Court Reporter:    JAMIE ANN STANTON, RMR, CRR, RPR
21         225 Cadman Plaza East
         Brooklyn, New York 11201
22         Telephone: (718) 613-2274
         E-mail: JamieStanton.edny@gmail.com
23
 Proceedings recorded by computerized stenography.  Transcript produced by
24 Computer-aided Transcription.

25

1           (In open court.)

2           THE COURTROOM DEPUTY:  This is a criminal cause

3    for arraignment on information, docket number 23-CR-463,

4    United States of America against Aylo Holdings S.A.R.L.,

5    formally known as MindGeek S.a.r.l.

6           Counsel, please come forward and state your

7    appearances for the record.

8           MS. NGAI:  Good afternoon, Your Honor.

9           AUSA Genny Ngai for the Government.  And I am

10   joined by AUSA Hiral Mehta.

11          MR. MEHTA:  Good afternoon, Your Honor.

12          MS. NGAI:  And Special Agent Anna Teczynska from

13   the FBI.

14          MR. CORNGOLD:  Good afternoon, Your Honor.

15          It's Eric Corngold and Jeffrey Wang from Friedman

16   Kaplan Seiler Adelman for the Defendant, Aylo Holdings

17   S.A.R.L.

18          And this is Anthony Penhale from Aylo.

19          THE COURTROOM DEPUTY:  The Honorable Lois Bloom

20   presiding.

21          THE COURT:  Good afternoon, everyone.

22          This has been referred to me by Judge Cogan.

23          Mr. Corngold, if you could just make that the mic

24   is in front of Mr. Penhale.

25          Attorneys, I always expect to stand when they

*Proceedings*                                                          3

1    address the Court, but I think it's better for you,

2    Mr. Penhale, if you remain seated.

3              THE DEFENDANT:  Understood.

4              THE COURT:  Defendant seeks to waive indictment

5    and to enter into a deferred prosecution agreement with the

6    Government and to have this matter placed in abeyance and to

7    exclude time under the Speedy Trial Act for a three-year

8    period with a possible extension of up to twelve months.

9              Is that correct, Ms. Ngai?

10             MS. NGAI:  Yes, Your Honor.

11             THE COURT:  And is that correct, Mr. Corngold?

12             MR. CORNGOLD:  Yes, Your Honor, though, I thought

13   that the exclusion was going to be for four years.

14             MS. NGAI:  It's for forty-eight months.

15             THE COURT:  I said three-year period with a

16   possible extension of twelve months, which brings it to four

17   years.

18             MR. CORNGOLD:  Okay.

19             THE COURT:  Isn't that what was in the deferred

20   prosecution agreement?

21             MR. CORNGOLD:  Yes, I think that's correct.

22             THE COURT:  Okay.

23             And in terms of board authorization, we have

24   Mr. John Anthony Penhale.

25             Mr. Penhale, are you empowered by this Defendant

1   to act on its behalf in entering into this agreement today?

2           THE DEFENDANT:  I am.

3           THE COURT:  And is Defendant financially able to

4   pay a substantial fine that could be imposed by the Court?

5           THE DEFENDANT:  It is.

6           THE COURT:  And are you authorized by a valid

7   resolution to waive indictment and to enter into this

8   agreement, Mr. Penhale?

9           THE DEFENDANT:  I am.

10          THE COURT:  And was the board empowered to

11  authorize you to do this?

12          THE DEFENDANT:  It was.

13          THE COURT:  And Mr. Penhale, your attorney advises

14  me that you wish to waiving indictment on behalf of Aylo

15  Holdings S.A.R.L., formerly known as MindGeek S.a.r.l., and

16  its subsidiaries, pursuant to a duly authorized Board of

17  Managers resolution, and to enter into a deferred

18  prosecution agreement with the United States Government.

19          Is that correct?

20          THE DEFENDANT:  It is.

21          THE COURT:  And this agreement will place the

22  matter in abeyance for three years with a possible extension

23  of an additional twelve-month period.  And you are asking

24  the Court to exclude all of this time under the Speedy Trial

25  Act.

1          Is that correct?

2          THE DEFENDANT:  It is.

3          THE COURT:  So on behalf of the Government, is

4     Mr. Penhale appearing on behalf of Aylo Holdings S.A.R.L.

5     sufficient?

6          MS. NGAI:  Yes, Your Honor.

7          THE COURT:  And have you scrutinized the documents

8     that have been presented with respect to Mr. Penhale's

9     appearance today?

10          MS. NGAI:  Yes, Your Honor.

11          And we find that the documents are sufficient.

12          THE COURT:  Thank you.

13          So these decisions are serious, and the Court must

14     be certain, Mr. Penhale, that you are making them and that

15     the board is making them with a full understanding of the

16     Defendant's rights and the consequences of these decisions.

17          I will explain these rights to you, and I will

18     also explain the rights that Defendant will be giving up by

19     waiving indictment and excluding time under the Speedy Trial

20     Act.

21          There are a number of questions I must ask you as

22     the representative of Defendant to establish that Defendant

23     is acting knowingly and voluntarily.

24          If at any time you would like to consult with your

25     attorney, please let me know and I will pause for you to be

1   able to do so.

2           Do you understand?

3           THE DEFENDANT:  I do.

4           THE COURT:  And I do need you to answer these

5   questions under oath, so I will ask my law clerk and deputy

6   to swear you in.

7           Please raise your right hand and stand.

8           (Defendant sworn.)

9           THE DEFENDANT:  I do.

10          THE COURT:  And state your full name, sir.

11          THE DEFENDANT:  John Anthony Penhale.

12          THE COURT:  Thank you.

13          And what is your current position with Aylo

14   Holdings S.A.R.L., Mr. Penhale?

15          THE DEFENDANT:  I am chief legal officer and

16   employed by a wholly-owned subsidiary of Aylo Holdings

17   S.A.R.L.

18          THE COURT:  Which is?

19          THE DEFENDANT:  A company known as 9219-1568

20   Québec, Inc., doing business as Aylo Services.

21          THE COURT:  And how long have you been in this

22   position?

23          THE DEFENDANT:  February 2014, since.

24          THE COURT:  And have you been authorized by the

25   Board of Managers of Aylo Holdings S.A.R.L. to agree to a

*Proceedings*                                                                  7

1   three, and possibly four-year exclusion of time under the

2   Speedy Trial Act?

3            THE DEFENDANT:  I have.

4            THE COURT:  And this is in order to allow the

5   Government to defer prosecution of Defendant for this three

6   and possibly four-year period; is that correct?

7            THE DEFENDANT:  That is correct.

8            THE COURT:  And did you gain this authority by

9   approval of the Board of Managers' written resolutions on

10  November 10th and November 16, 2023?

11           THE DEFENDANT:  Yes.

12           THE COURT:  And are those written resolutions

13  signed by Andreas Alkiviades Andreou, Anis Baba, and Claude

14  Favre, all managers of the company?

15           THE DEFENDANT:  They are.

16           THE COURT:  Is the Government satisfied that

17  Mr. Penhale is authorized to act on behalf of this

18  Defendant?

19           THE DEFENDANT:  Yes, Your Honor.

20           THE COURT:  And the Court is satisfied that

21  Mr. Penhale is authorized to act on behalf of this

22  Defendant.

23           Mr. Penhale, were you and the Board of Managers

24  provided with a copy of the information in this case?

25           THE DEFENDANT:  We were.

1          THE COURT:  And have you and the Board of Managers

2     reviewed and discussed the case and the charges with your

3     attorneys?

4          THE DEFENDANT:  Yes, we have.

5          THE COURT:  And, Ms. Ngai, I was looking on the

6     docket sheet before I came down for a copy of the

7     information, but did not see it on file.

8          MS. NGAI:  That's correct.

9          And at this time, we would move in the information

10    and present it for filing with the Court.

11         THE COURT:  And why couldn't that be done before

12    today?

13         MS. NGAI:  Your Honor, we, I think, in some courts

14    we present information at the time we file the 7B notice,

15    but then we present the information at the proceeding and

16    then the Court can accept it for filing.  In other

17    situations, others have filed it on the docket.  I think in

18    this case, we are just asking that the information be

19    presented to Your Honor and accepted by the Court.

20         THE COURT:  Well, again, since we had a long

21    colloquy last night with both sides about the Court having

22    to accept, I have nothing to do with accepting the

23    information.  You filed this and that's the Government's

24    prerogative.  And whether or not the Defendant will waiving

25    indictment is something that we are here to discuss and to

1    take a plea on this information.

2          But again, I direct the Government to file the

3    information as soon as we leave.  There is no reason why it

4    couldn't have been filed before we went on the record today.

5          MS. NGAI:  Absolutely.  Absolutely.  We will do

6    that immediately after this proceeding.

7          THE COURT:  And in the future, if it's ever coming

8    before me, I think for purposes of transparency, it should

9    have been filed before the proceeding.  In fact, looking at

10   when the case was filed originally back in November,

11   November 13th, with the intent to proceed under Criminal

12   Rule 7B and it could have been filed at any time, but it

13   shouldn't wait until after you appear before the Court.

14         MS. NGAI:  Yes, Your Honor.  In some situations

15   where we have proceeded by a 7B notice, due to the

16   proceeding, due to certain issues that arise, sometimes

17   there is a change in the decision to plead to an

18   information.  And so I think in this instance we will file

19   the information immediately after this conference, but we

20   do --

21         THE COURT:  But I will tell you.  I was on the

22   phone with you last night.  Nobody brought this up.  This

23   has been, you know, noticed since November, that the

24   Defendant and the resolutions of the Board of Managers of

25   the Defendants and the deferred prosecution agreement have

1  been signed for some time.  Under these circumstances, it

2  should have been filed on the docket before you appeared

3  today.

4          In the future, if there is going to be an issue

5  and you are going to hold on to it for some reason, please

6  alert the Court.

7          MS. NGAI:  We will.  And we apologize for that.

8          THE COURT:  Thank you.

9          Okay.  So back to you, Mr. Penhale.

10         You have said that the Board of Managers and you

11  have fully reviewed and discussed the case and the charges

12  with your attorneys?

13         THE DEFENDANT:  Yes.

14         THE COURT:  And the information in this case

15  charges that on or about and between September 15th, 2017,

16  and December 2020, within the Eastern District of New York

17  and elsewhere, Defendant knowingly and intentionally engaged

18  in one or more monetary transactions to it, deposits,

19  withdrawals, and transfers of funds and monetary instruments

20  in and affecting interstate and foreign commerce by,

21  through, and to one or more financial institutions in

22  criminally-derived property that was of a value greater than

23  $10,000, which transactions, in fact, involved the proceeds

24  of specified unlawful activity, toit, sex trafficking in

25  violation of Title 18 United States Code Section 1591.

1          Do you need me to explain the elements of the

2    charged crime to you, Mr. Penhale?

3          THE DEFENDANT:  I do not.  Thank you.

4          THE COURT:  And does the Defendant, Aylo Holdings

5    S.A.R.L., formerly known as MindGeek S.a.r.l., fully

6    understand the nature of the charge against it and the

7    elements the Government would have to prove in order to

8    convict it?

9          THE DEFENDANT:  It does.

10         THE COURT:  Instead of an indictment, this felony

11   charge has been brought by the filing of an information by

12   the United States Attorney's Office for the Eastern District

13   of New York.  Well, to be accurate, by the presentment of

14   the information, which will be filed as soon as this

15   proceeding is over.

16         Defendant has a constitutional right to be charged

17   by an indictment, returned by a Grand Jury, but Defendant

18   can waive that right and consent to being charged by

19   information.  Unless Defendant waives indictment, the

20   Defendant may not be charged with a felony unless a Grand

21   Jury finds, by a return of an indictment, that there is

22   probable cause to believe that a crime has been committed

23   and that Defendant committed that crime.

24         Do you understand?

25         THE DEFENDANT:  I do.

1            THE COURT:  If Defendant Aylo Holdings S.A.R.L.

2     does not waive indictment, the Government must present the

3     case to the Grand Jury, and ask it to indict the Defendant

4     in order for Defendant to be charged with a felony offense.

5     A Grand Jury is comprised of at least sixteen, not more than

6     twenty-three persons, and at least twelve grand jurors must

7     find that there is probable cause to believe that the

8     Defendant committed the crime with which it is charged

9     before the Defendant may be indicted.

10            The Grand Jury may, or may not, indict the

11    Defendant.

12            Do you understand?

13            THE DEFENDANT:  I do.

14            THE COURT:  If Aylo Holdings S.A.R.L. waives

15    indictment by the Grand Jury, the case will proceed against

16    the Defendant on the information just as though Defendant

17    has been indicted.

18            Do you understand?

19            THE DEFENDANT:  I do.

20            THE COURT:  Does the Defendant Aylo Holdings

21    S.A.R.L. understand its right to indictment by a Grand Jury?

22            THE DEFENDANT:  It does.

23            THE COURT:  Is Defendant Aylo Holdings S.A.R.L.

24    willing to waive the right to have this case proceed by way

25    of an indictment by a Grand Jury?

1            THE DEFENDANT:  It is.

2            THE COURT:  I am going to look at the form.  And I

3    am going to ask my law clerk to present it to you,

4    Mr. Penhale.

5            This is a form waiver of indictment that has been

6    presented to me.

7            Is that your signature on the waiver of

8    indictment?

9            THE DEFENDANT:  It is.

10           THE COURT:  And are you authorized on behalf of

11   the Defendant to waive indictment?

12           THE DEFENDANT:  I am.

13           THE COURT:  And have you, on behalf of the board,

14   discussed this decision with Defendant's attorney?

15           THE DEFENDANT:  I have.

16           THE COURT:  And, Mr. Corngold, did you also sign

17   off on this waiver of indictment?

18           MR. CORNGOLD:  I did, Your Honor.

19           THE COURT:  And Mr. Penhale, have any threats or

20   promises been made to induce you to waive the Defendant's

21   right for an indictment by a Grand Jury?

22           THE DEFENDANT:  No.

23           THE COURT:  And is Defendant waiving its right to

24   indictment knowingly, voluntarily and of its own free will?

25           THE DEFENDANT:  It is.

1          THE COURT:  And Mr. Corngold, are you aware of any

2    reason that Defendant should not waive indictment?

3          MR. CORNGOLD:  I'm not, Your Honor.

4          THE COURT:  I will therefore accept the waiver of

5    indictment.  And I find that Defendant's waiver of

6    indictment is knowingly and voluntarily made.  And I am

7    signing it.  And it is already dated today, which is

8    December 21st, 2023.

9          I am now going to arraign the Defendant on the

10   information and then hold the charges in abeyance.

11         I have already advised you of the charge in the

12   information which is engaging in money transactions

13   regarding the proceeds of sex trafficking.

14         Does Defendant waive a formal reading of the

15   information?

16         THE DEFENDANT:  It does.

17         THE COURT:  How does Defendant plead to this

18   charge; guilty or not guilty?

19         THE DEFENDANT:  Not guilty.

20         THE COURT:  And have you and the board or you on

21   behalf of the board had sufficient time to discuss with your

22   attorneys how best to proceed in this matter?

23         THE DEFENDANT:  Yes, we have.

24         THE COURT:  And are you and is the board fully

25   satisfied with the representation Counsel has given to you

1    thus far in this proceeding?

2              THE DEFENDANT:  Yes, we are.

3              THE COURT:  I have been advised that Defendant

4    Aylo Holdings S.A.R.L. has entered into a deferred

5    prosecution agreement with the Government.  As part of the

6    agreement, Defendant waives its Sixth Amendment rights to a

7    speedy trial and has consented to a three- to possible

8    four-year exclusion of time under the Speedy Trial Act, 18

9    United States Code Section 3161(h)(2).  This provision

10   specifically provides that in computing the time within

11   which the trial of an offense must commence, any period of

12   delay during which prosecution is deferred by the attorney

13   for the Government, pursuant to a written agreement with the

14   Defendant, with the approval of the Court, for purposes of

15   allowing Defendant to demonstrate its good conduct, the time

16   shall be excluded.

17             Are you aware of this provision, Mr. Penhale?

18             THE DEFENDANT:  I am.

19             THE COURT:  And does Defendant consent to holding

20   this case in abeyance for a three- to possible four-year

21   period?

22             THE DEFENDANT:  It does.

23             THE COURT:  And Mr. Corngold, have you discussed

24   the matter of deferring prosecution for this period of time

25   with the board of the Defendant?

1          MR. CORNGOLD:  Yes.  And with the entire company,

2    yes.

3          THE COURT:  And have you discussed it with

4    Mr. Penhale?

5          MR. CORNGOLD:  I have.

6          THE COURT:  And does Defendant understand the

7    rights it will be waiving by doing so?

8          THE DEFENDANT:  Yes, it does.

9          THE COURT:  I have marked the deferred prosecution

10   agreement with the Government as Court Exhibit 1.  It has

11   attachments A, B, C, D, E, and a rider.

12          Is that correct, Ms. Ngai?

13          MS. NGAI:  That is correct.

14          (Court Exhibit 1 was received.)

15          THE COURT:  And the agreement was signed on

16   November 10th, 2023, by Andreas Alkiviades Andreou and

17   Anis Baba.

18          Who are Mr. Andreou and Mr. Baba, Mr. Penhale?

19          THE DEFENDANT:  They are each Class A managers of

20   Aylo Holdings S.A.R.L.

21          THE COURT:  And there is a company officer

22   certification also signed by Mr. Andreou; is that correct?

23          THE DEFENDANT:  That is correct.

24          THE COURT:  And finally, there is a certificate of

25   Counsel signed by you, Mr. Corngold; is that correct?

1          MR. CORNGOLD:  Yes, Your Honor.

2          THE COURT:  And did the Board of Managers,

3   Mr. Penhale, have an opportunity to read and discuss the

4   agreement with Counsel before the agreement was signed?

5          THE DEFENDANT:  It did.

6          THE COURT:  And Mr. Corngold, did you have

7   sufficient time to review the agreement with Defendant?

8          MR. CORNGOLD:  Yes, Your Honor.

9          THE COURT:  And Mr. Penhale, on behalf of

10  Defendant, do you have any questions about the agreement?

11         THE DEFENDANT:  I do not, Your Honor.

12         THE COURT:  And does the agreement represent

13  Defendant's entire understanding of what Defendant has

14  agreed to with the Government?

15         THE DEFENDANT:  It does.

16         THE COURT:  Has anyone made any promise or

17  assurance that is not in the agreement to persuade Defendant

18  to accept this agreement?

19         THE DEFENDANT:  No, Your Honor.

20         THE COURT:  Has anyone threatened the Defendant in

21  any way to persuade it to accept this agreement?

22         THE DEFENDANT:  No, Your Honor.

23         THE COURT:  In addition to waiving its right to

24  indictment and to speedy trial, Defendant agrees to fully

25  cooperate with the Government.  It waives any objection to

1    venue it agrees that any prosecution relating to the conduct

2    described in the statement of facts is not time barred as of

3    the date the agreement was signed, and it agrees that the

4    allegations in the statement of facts that is attached to

5    the deferred prosecution agreement, as attachment C, is true

6    and accurate.

7              Is that correct?

8              THE DEFENDANT:  That is correct.

9              THE COURT:  And Defendant stipulates to the

10   admissibility of those facts in any proceeding if the

11   Government were to pursue prosecution.  And Defendant agrees

12   that the facts are admissible in any such proceeding as

13   substantive evidence, impeachment evidence, and evidence at

14   a sentencing hearing or other hearing.

15             Do you understand?

16             THE DEFENDANT:  I do.

17             THE COURT:  Defendant has agreed to a three- to

18   four-year term of this deferred prosecution.  And has also

19   agreed to continue to enhance its compliance and ethics

20   program throughout its operations, including those of its

21   affiliates, agents, joint ventures, contractors and

22   subcontractors.

23             Do you understand?

24             THE DEFENDANT:  I do.

25             THE COURT:  In addition to the company's remedial

1   efforts, Defendant has agreed to the imposition of the

2   independent compliance monitor.  The monitor's duties and

3   authority and the obligations with respect to the monitor

4   and the Government are set forth in attachment D to the

5   agreement.

6           Do you understand?

7           THE DEFENDANT:  I do.

8           THE COURT:  And the monitor shall be retained by

9   Defendant for three years, subject to extension or early

10  termination as described in the agreement.

11          Do you understand?

12          THE DEFENDANT:  I do.

13          THE COURT:  Defendant has also agreed to certain

14  penalties being imposed.

15          Ms. Ngai, can you please explain on the record the

16  total fine that is agreed to, as well as how the total

17  criminal penalty was calculated?

18          MS. NGAI:  Yes, of course.

19          So let me start off with the financial penalties

20  and break it down.

21          The company has agreed to pay a criminal fine of

22  $974,692.06 which is calculated based in part on the

23  guidelines calculation, and, specifically, sections

24  2S1.1(a)(2) and 2B1.1.  So based on the calculations, the

25  total offense level is 17, but Section 8C2.4(a)(2) instructs

1   us to use pecuniary gain to the company from the charged

2   offense as the base fine.  So the base fine is $870,260.77.

3          We then calculated the culpability score based on

4   Section 8C2.5 of the guidelines.  And that comes out to 7.

5   That results in a fine multiplier of 1.4 and 2.8, which

6   produces a fine range of $1,218,365.08 on the low end, and

7   $2,436,730.16 on the high end.

8          And as detailed in the agreement, the ultimate

9   criminal fine reflects the use of the 1.4 multiplier and a

10  20 percent discount due to the company's cooperation and

11  remedial efforts.

12         In addition, the company has also agreed to pay

13  criminal forfeiture of $870,260.77 to the Government, which,

14  again, it represents the pecuniary gain to the organization

15  from the offense.  So all together, when we are talking

16  about the total monetary penalty, that is a total of

17  $1,844,952.83.

18         In addition, the company has also agreed to make

19  monetary payments to individuals who were defrauded by the

20  operators of GirlsDoPorn and GirlsDoToys.  And these images

21  were posted on Aylo's platforms, such as PornHub.  To the

22  extent these individuals have not yet already been

23  compensated for those loss and to the extent they timely

24  submit the necessary paperwork to seek those payments, and

25  they are outlined in the agreement.

1          THE COURT:  May I ask, how are they going to know
2   to file the necessary paperwork?

3          MS. NGAI:  Yes, Your Honor.

4          After this proceeding, and after time has been
5   excluded, we will -- the parties will work jointly together
6   to issue notice to the individuals and further steps as to
7   who to contact, how to contact, and what paperwork is
8   needed.

9          THE COURT:  And that will be published somewhere?

10         MR. CORNGOLD:  Well, I don't want to -- I think
11  you should describe first.

12         MS. NGAI:  Yes, I think that the parties will come
13  up with a plan and confer as to how best to notify and how
14  best to solicit the applications for the payment.

15         THE COURT:  So the plan has not yet been devised?

16         MS. NGAI:  I think at this time we have considered
17  different options, but right now, there is no definitive
18  step as to, you know, is it going to be on a website or is
19  it going to be an individual reach-out.

20         MR. MEHTA:  Just on that, Your Honor, we have,
21  through the U.S. Attorney's Office in Southern California,
22  we have a list of all the victims that they have identified
23  of GirlsDoPorn and GirlsDoToys.  And so we have contact
24  information for several hundred victims already.  And we
25  were able to send information to them that way.  We also

1   discussed with the company of posting a link on their

2   website that would allow people that we don't know about

3   through the SDCA case to also be able to do that.

4            So we have two mechanisms that we discussed.  We

5   are definitely going to do the first one, which is the

6   notification involving the individuals we already know

7   about.  We had a discussion with Aylo Holdings S.A.R.L.

8   about doing it on the website, as well.

9            THE COURT:  But at this point in time, this has

10  not been all worked out with the Defendant?

11           MR. CORNGOLD:  That's correct.  But we intend to

12  work out an appropriate way.  The company wants to provide

13  this monetary payments and we will work out sort of the best

14  way to ensure the potential Claimants to those payments are

15  notified.

16           THE COURT:  Is there a timeframe in mind,

17  Ms. Ngai?

18           MS. NGAI:  I think we are, you know, after today

19  and after we, you know, we understand that this agreement

20  will be in effect, we will make immediate steps to work out

21  a plan.

22           THE COURT:  Because the number of people that were

23  involved in the case in the Southern District of California

24  may not be the only people who would make claims.

25           MS. NGAI:  Absolutely.  They may not be.  And so

1  we are just trying to think of the best way to disseminate

2  that information.

3          THE COURT:  And Mr. Corngold, you will work with

4  the U.S. Attorney's Office on behalf of your client to

5  figure this out?

6          MR. CORNGOLD:  Yes, Your Honor.  Yes.

7          THE COURT:  Very good.

8          I didn't mean to interrupt, but that was a

9  question.

10          MS. NGAI:  No, of course.

11          But I think, you know, the gist of it is that the

12  company has agreed to make these monetary payments to these

13  individuals.

14          THE COURT:  And this is over and above to what the

15  fine and the forfeiture is?

16          MS. NGAI:  That is correct.

17          And so assuming that the individuals who apply are

18  eligible under the terms of the agreement, the company has

19  agreed to make a minimum payment of $3,000.

20          And to, you know --

21          THE COURT:  Per Claimant?

22          MS. NGAI:  Per Claimant, correct.

23          THE COURT:  Okay.

24          Anything else you want to tell me about the fines

25  or the penalties?

1            MS. NGAI:  I think that is all.

2            THE COURT:  Thank you.

3            Mr. Penhale, do you have any questions about the

4    rights Defendant is giving up by entering into this deferred

5    prosecution agreement?

6            THE DEFENDANT:  I do not, Your Honor.

7            THE COURT:  Mr. Corngold, do you have any

8    questions about the rights Defendant is giving up by

9    entering into the deferred prosecution agreement?

10           MR. CORNGOLD:  I do not, Your Honor.

11           THE COURT:  And Mr. Penhale, do you have any

12   questions about the agreement itself or anything else

13   related to this matter?

14           THE DEFENDANT:  I do not, Your Honor.

15           THE COURT:  Do the parties believe that I need to

16   review any other portion of the agreement on the record?

17           MR. CORNGOLD:  We don't, Your Honor.

18           MS. NGAI:  No, Your Honor.

19           THE COURT:  Then based on the information

20   presented to me, I find that the parties are asking for the

21   exclusion of time to allow the Defendant to demonstrate its

22   good conduct and not to circumvent the speedy trial clock

23   pursuant to 18 United States Code Section 3161(h)(2), I

24   therefore exclude the time for four years, until

25   December 21st, 2027.  So that means the time from today

*Proceedings*                                        25

1    until December 21, 2027, is hereby excluded and this matter

2    should be held in abeyance until December 21st, 2027.  I

3    find that this exclusion of time serves the ends of justice

4    and outweighs the Defendant and the public's interest in a

5    speedy trial in this matter for the reasons that have been

6    stated on the record as well as for the purposes as set

7    forth in the deferred prosecution agreement.

8              Is there anything else that the Court needs to

9    address regarding this matter on behalf of the Government?

10             MS. NGAI:  Nothing from the Government.

11             THE COURT:  And is there anything further that

12   needs to be addressed regarding this matter on behalf of

13   Aylo Holdings S.A.R.L.?

14             MR. CORNGOLD:  No, Your Honor.

15             THE COURT:  Then I thank everybody.  And I will

16   direct that the Government should immediately file the

17   information on the docket and I will file the waiver of

18   indictment.

19             And I wish everybody a happy holiday and happy new

20   year.  Thank you, very much.

21             (Matter adjourned.)

22                    *    *    *    *    *

     I certify that the foregoing is a correct transcript from

23   the record of proceedings in the above-entitled matter.

24

         /s/ Jamie Ann Stanton              December 21, 2023

25   _____     _____

           JAMIE ANN STANTON                      DATE


Jamie   Ann   Stanton   , RMR  , CRR  , RPR
Official Court Reporter